IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

VICTOR IKE IWUOHA, #28388262    *

    Petitioner,    *

      v.    * CIVIL ACTION NO. 2:05-CV-280-T

MICHAEL CHERTOFF, SECRETARY OF    *
HOMELAND SECURITY, *et al.*,
                                                    *

    Respondents.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 28, 2005 Petitioner Victor Iwuoha filed this 28 U.S.C. § 2241 petition for habeas corpus relief. Petitioner is an Immigration and Naturalization Service ("INS") detainee, held in post-removal-order confinement at the Plaquemines Parish Detention Center in Braithwaite, Louisiana. He alleges that his continued confinement by the INS violates the Supreme Court's holdings in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Demore v. Kim*, 538 U.S. 510 (2003).

**DISCUSSION**

It is well-settled law that jurisdiction over a § 2241 petition lies in the federal district court whose territorial limits include the place of a petitioner's confinement or where a petitioner's custodian is located. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (§ 2241 petitions typically heard by court having jurisdiction over petitioner's

custodian); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987); *Chukwurah v. INS*, 813 F. Supp. 161, 168 (E.D. N.Y. 1993). Generally, the custodian is the person having the day-to-day control over the prisoner. *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986).

Petitioner is presently incarcerated at the Plaquemines Parish Detention Center in Braithwaite, Louisiana. Consequently, his § 2241 challenge to his final order of deportation must be raised in the district court that has jurisdiction over his custodian, i.e., the superintendent or warden of Plaquemines Parish Detention Center.

Although this court lacks jurisdiction to consider the habeas corpus petition filed by Petitioner, *Plain*, 748 F.2d at 621, in the interest of justice, this court may transfer a case laying venue in the wrong division or district to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). Under the circumstances of this case, the court concludes that this case should be transferred to the United States District Court for the Eastern District of Louisiana for review and determination.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Eastern District of Louisiana pursuant to the provisions of 28 U.S.C. § 1406(a).

It is further

---

[1] The undersigned's Recommendation for transfer of this case should not in any way be construed as a consideration on the merits of Petitioner's claims for relief.

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before April 12, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 31st day of March, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE